UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MASTER FILE NO. 08-CIV-22572-COOKE/BANDSTRA

---

IN RE BANK UNITED SECURITIES
LITIGATION

ECF FILE

---

THIS DOCUMENT RELATES TO:

ALL ACTIONS.

---

**JOINT SCHEDULING REPORT PURSUANT TO LOCAL RULE 16.1(B)
AS TO THE CONDUCT OF DISCOVERY,
PRESERVATION OF DOCUMENTS, AND FURTHER
<u>PRETRIAL PROCEEDINGS IN THIS ACTION</u>**

Lead Plaintiffs, Louisiana Municipal Police Employees' Retirement System and the Oklahoma Police Pension and Retirement System ("Lead Plaintiffs" or "Police Pension Funds"), and Defendants, BankUnited Financial Corporation, Alfred R. Camner, Ramiro A. Ortiz, and Humberto L. Lopez (collectively, "Defendants"), by and through their respective undersigned counsel, hereby report on their scheduling conference held in person on March 24, 2009, and by telephone on various dates thereafter pursuant to Local Rule 16.1(B), and stipulate to the entry of the attached Joint Proposed Scheduling Order. In support thereof, the parties recite as follows:

A.  On September 16, 2008, this action was initiated against the Defendants, alleging claims arising under the federal securities laws on behalf of certain purchasers of BankUnited Financial Corporation ("BankUnited") common stock.

B.   On April 6, 2009, the Court entered an Order ("the Order") appointing the Police Pension Funds as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

C.   In the same Order, the Court appointed Berman DeValerio Pease Tabacco Burt & Pucillo, now known as Berman DeValerio, as Lead Counsel.

D.   In the Order, the Court also held that all similarly related actions filed in or transferred to this Court would be consolidated; all further pleadings in the action shall bear the caption "In re BankUnited Securities Litigation"; and that a Master Docket and Master File shall be established for the action. The Master File shall be Case No. 08-CV-22572 COOKE/BANDSTRA.

E.   The Order further provided that during the pendency of this litigation, or until further order of the Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to, or which may lead to discovery of, information relevant to the subject matter of the pending litigation.

F.   In light of the foregoing, this Court's Order of October 6, 2008, Requiring Counsel to Meet and File Joint Scheduling Report and Proposed Order, and Local Rule 16.1(B)(2) for the Southern District of Florida, the parties submit this Scheduling Report.

NOW, THEREFORE, pursuant to the foregoing, it is stipulated and agreed as follows:

**I.   THE LIKELIHOOD OF SETTLEMENT.**

1.   At this early stage of the litigation, the parties are not able to assess the likelihood of settlement. At appropriate times during the course of the litigation, the parties will explore settlement, through either direct discussions or mediation.

**II.   AMENDED PLEADINGS AND THE APPEARANCE OF ADDITIONAL PARTIES.**

2. The action should be assigned to the complex track pursuant to Local Rule 16.1(A)(2)(c).

3. Additional parties may be added upon the filing of the Consolidated Amended Complaint described below.

4. Lead Plaintiffs shall, no later than June 30, 2009, file a Consolidated Amended Complaint. The Consolidated Amended Complaint shall supersede all complaints filed in the action. Defendants shall not be required to respond to any complaints previously filed in this action.

5. Defendants shall answer or move to dismiss the Consolidated Amended Complaint sixty (60) days after the filing of such complaint. Lead Plaintiffs shall respond to any motions to dismiss sixty (60) days after the filing of such motions. Defendants may reply thirty (30) days after the filing of Lead Plaintiffs' responses.

6. After discovery commences, no further amendments to the pleadings to add parties shall be allowed more than thirty (30) days after the completion of document discovery.

### III. DOCUMENT PRODUCTION AND DISCOVERY SCHEDULE.

Pursuant to Section 21D(b)(3)(B) of the PSLRA [15 U.S.C. § 78u-4(b)(3)(B)], all discovery is stayed during the pendency of a motion to dismiss, subject only to certain limited situations where the Court finds that particularized discovery is necessary to preserve evidence or prevent undue prejudice. Accordingly, until the Court rules on Defendants' motions to dismiss, the parties cannot give precise dates for discovery. In an effort to comply with Rule 16.1(B) however, the parties have set forth the following schedule for discovery which takes into account the statutory stay of discovery pending motions to dismiss.

7. The parties shall have twelve (12) months within which to conduct discovery on the merits of the case. The discovery period shall begin upon the earlier of (a) the date of filing of

Defendants' answers to the Consolidated Amended Complaint, or (b) thirty (30) days after the date of a decision on Defendants' motions to dismiss.

8.  Expert discovery shall be completed within sixty (60) days after the conclusion of the above discovery period.

9.  Pursuant to Section 21D(b)(3)(C)(i) of the PSLRA [15 U.S.C. § 78u-4(b)(3)(C)(i)], any party with notice of the allegations in the pending action shall treat all documents, data compilations (including electronically stored data) and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

10. The parties may modify the deadlines set forth herein by written agreement, provided that such modification shall not change the deadline for completion of discovery, for consideration of a motion, or for trial.

## IV.  CLASS CERTIFICATION.

11. Lead Plaintiffs shall file a motion for class certification within thirty (30) days of the earlier of (a) the date of filing of Defendants' answers to the Consolidated Amended Complaint, or (b) the date of a decision on Defendants' motions to dismiss.

12. Defendants shall have sixty (60) days after the filing of Lead Plaintiffs' motion for class certification to conduct class discovery, and thirty (30) days after the conclusion of the class discovery period to file any opposition to such motion. Lead Plaintiffs may respond to the opposition to the motion for class certification within thirty (30) days of service of such opposition.

## V.  ADDITIONAL MATTERS UNDER LOCAL RULE 16.1(B).

13. At the time fact discovery is completed, but prior to the commencement of expert discovery, the parties shall conduct a further scheduling conference to:

    a. simplify issues, including the elimination of frivolous claims or defenses;

    b. address a briefing schedule for any pre-trial motions, if the proposed schedule on Attachment A is not considered appropriate;

    c. discuss admissions of fact, stipulations as to admissibility of documents and the need for advance rulings from the Court on admissibility of evidence;

    d. consider the advisability of referring further matters to the Magistrate Judge; and

    e. propose dates to the Court for further conferences with the Court, a final pre-trial conference and trial.

## VI. TRIAL MATTERS.

14. It is difficult to determine the number of weeks necessary for trial of this matter at this early stage of the proceedings. Subject to that, the parties currently estimate that this action will require ten (10) days of trial.

## VII. MISCELLANEOUS.

15. Any party may, for good cause, seek modification of the foregoing.

WHEREFORE, the parties stipulate and agree to the entry of the attached Joint Scheduling Order adopting the foregoing stipulation of the parties.

Dated: April 22, 2009                                              Respectfully submitted,

                                                                      **BERMAN DeVALERIO**

                                                       By:    /s/ Michael J. Pucillo
                                                                  Michael J. Pucillo (FBN 261033)
                                                                  mpucillo@bermandevalerio.com

         Wendy H. Zoberman (FBN 434670)
         wzoberman@bermandevalerio.com
         4280 Professional Center Drive
         Suite 350
         Palm Beach Gardens, FL 33410
         Tel: 561/835-9400
         Fax: 561/835-0322

         and

Glen DeValerio
gdevalerio@bermandevalerio.com
Leslie Stern
lstern@bermandevalerio.com
Jason Leviton
jleviton@bermandevalerio.com
One Liberty Square
Boston, MA  02109
Tel: 617/542-8300
Fax: 617/542-1194

**Lead Counsel**

**TEW CARDENAS, LLP**

By: <u>/s/ Dennis A. Nowak</u>
   Dennis A. Nowak (FBN 328979)
   dn@tewlaw.com
   C. Thomas Tew (FBN 098160)
   tt@tewlaw.com
   Jeffrey A. Tew (FBN 121291)
   jt@tewlaw.com
   Four Seasons Tower
   1441 Brickell Avenue
   15th Floor
   Miami, FL  33131
   Tel: 305/536-1112
   Fax: 305/53-1116

**Counsel for Defendants**

6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 22, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served to all counsel on the attached Service List this day via transmission of Notice of Electronic Filing generated by CM/ECF.

    /s/ Michael J. Pucillo

*In re Bank United Securities Litigation*

Case No. 08-CV-22572-COOKE/BANDSTRA (S.D. Fla.)

## SERVICE LIST

Michael J. Pucillo
mpucillo@bermandevalerio.com
Wendy H. Zoberman
wzoberman@bermandevalerio.com
BERMAN DeVALERIO
4280 Professional Center Drive, Suite 350
Palm Beach Gardens, FL 33410
Tel:    561/835-9400
Fax:    561/835-0322

*Lead Counsel for Lead Plaintiffs Louisiana Municipal Police Employees Retirement System and Oklahoma Police Pension & Retirement System*

Glen DeValerio
gdevalerio@bermandevalerio.com
Leslie R. Stern
lstern@bermanesq.com
BERMAN DeVALERIO
One Liberty Square
Boston, MA 02109
Tel:    617/542-8300
Fax:    617/542-1194

*Lead Counsel for Lead Plaintiffs Louisiana Municipal Police Employees Retirement System and Oklahoma Police Pension & Retirement System*

Jack Reise
jreise@csgrr.com
Paul J. Geller
pgeller@csgrr.com
Douglas Scott Wilens
dwilens@csgrr.com
COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel:    561/750-3000
Fax:    561/750-3364

*Attorneys for Plaintiff Waterford Township General Employees Retirement System and Movant The Pension & Annuity Funds*

Martin D. Chitwood
mchitwood@chitwoodlaw.com
Ze'Eva K. Banks
zbanks@chitwoodlaw.com
Robert W. Killorin
rkillorin@chitwoodlaw.com
James M. Wilson, Jr.
jwilson@chitwoodlaw.com
CHITWOOD HARLEY HARNES LLP
1230 Peachtree Street NE
Promenade II Suite 2300
Atlanta, GA 30309
Tel:    303/873-3900

*Attorneys for Movant Georgia Municipal Employee Benefit System Retirement Fund*

Ryon M. McCabe
rmccabe@mccaberabin.com
McCABE RABIN, P.A.
1601 Forum Place, Suite 301
West Palm Beach, FL 33401
Tel:    561/659-7878
Fax:   561/242-4848

*Attorneys for Movant The New Jersey Building Laborers Pension and Annuity Funds*

Jeffrey Miles Ostrow
ostrow@thkolaw.com
THE KOPELOWITZ
 & OSTROW FIRM PA
200 S.W. 1st Avenue
12th Floor
Ft. Lauderdale, FL 33301
Tel:    954/525-4100
Fax:   954/525-4300

*Attorneys for Movant Georgia Municipal Employee Benefit System Retirement Fund*

Maya Susan Saxena
msaxena@saxenawhite.com
SAXENA WHITE PA
2424 N. Federal Highway
Suite 257
Boca Raton, FL 33431
Tel:    561/394-3399
Fax:   561/394-3382

*Attorneys for Movant The City of Tulsa Municipal Employees Retirement Plan*

Dennis A. Nowak
dn@tewlaw.com
C. Thomas Tew
tt@tewlaw.com
Jeffrey A. Tew
jt@tewlaw.com
TEW CARDENAS, LLP
Four Seasons Tower
1441 Brickell Avenue, 15th Floor
Miami, FL 33131
Tel:    305/536-1112
Fax:   305/536-1116

*Attorneys for Defendants BankUnited Financial Corporation, Alfred R. Camner, Ramiro Ortiz, and Humberto L. Lopez*

| (include dates) | Pretrial Deadlines, Pretrial Conference and Trial Date |
|---|---|
| 06/30/09 | Joinder of parties and amendment of pleadings. |
| 30 days after ruling on motions to dismiss. | Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify unless good cause is shown and there is no prejudice to opposing party. The parties are under a continuing obligation to supplement discovery responses within ten (10) days of receipt or other notice of new or revised information. |
| 12 months after ruling on motions to dismiss. | All fact discovery must be completed. |
| 15 days after completion of fact discovery. | Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Plaintiff shall make its experts available for deposition by Defendant. |
| To be set after completion of fact discovery. | All dispositive *and* other pretrial motions not explicitly excluded by S.D. Fla. L.R. 7.1.A.1, and accompanying memoranda of law must be filed. A minimum of seventeen (17) weeks is required for the Court to review dispositive motions prior to filing of the joint pretrial stipulation. If **no** dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report. |
| 30 days after completion of fact discovery. | Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Defendant shall make its experts available for deposition by Plaintiff. |
| 60 days after completion of fact discovery. | All expert discovery must be completed. *If a Daubert or Markman hearing is necessary, the parties are to add that as an additional deadline at the bottom of Attachment A. All Daubert and Markman briefing shall be complete two (2) weeks prior to any scheduled hearing on the same.* |
| 60 days prior to completion of fact discovery. | Mediation must be completed. (The parties should select the earliest date to maximize resolution of the case in a manner that promotes client and judicial economy.) |
| 30 days after completion of expert discovery. | (a) Joint pretrial stipulation must be filed pursuant to Local Rule 16.1.E. The pretrial stipulation shall include Plaintiff's non-binding breakdown of damages with corresponding amounts; the witness lists shall be pared down to those witnesses the parties actually intend to call at trial; and the exhibit lists shall identify the witness introducing each exhibit. The parties shall meet at least one (1) month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation. The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; and |
| | (b) A joint statement outlining (1) the legal elements of Plaintiff's claims, including damages, and (2) the legal elements of the defenses raised, either in the form of a proposed jury instruction (for jury cases) or proposed conclusions of law (for non-jury cases); and |
| | (c) Joint Summary of Respective Motions in Limine must be filed. The Summary shall contain a cover page providing the style of the case and an index of the motions in limine. The Summary shall also include for each evidentiary issue: (*i*) a one (1) page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one (1) page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties shall work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation. |
| 1 week prior to trial. | Final proposed jury instructions or findings of fact and conclusions of law must be submitted. *(A courtesy copy shall be submitted to chambers at flsd_cookefl@flsd.uscourts.gov, in WordPerfect format)*, each party's list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination. |
| To be set. | Pretrial conference. Usually 30 minutes are allotted for pretrial conference unless the parties or the Court, *sua sponte*, indicate a greater time is needed. |
| To be set. | Trial Date. |
| N/A | Date of any other deadline the parties adopt as part of their case management plan. |

[Attachment A]