UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MASTER FILE NO. 08-CIV-22572-COOKE/BANDSTRA

IN RE BANKUNITED SECURITIES
LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

**INDIVIDUAL DEFENDANTS' RAMIRO A. ORTIZ AND HUMBERTO L. LOPEZ'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

PLEASE TAKE NOTICE that Defendants Ramiro A. Ortiz ("Ortiz") and Humberto L. Lopez ("Lopez") (collectively, "Individual Defendants"), by and through undersigned counsel, submit the recently decided Eleventh Circuit decision in Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc., No. 09-10954, 2010 WL 154519 (11th Cir. Jan. 19, 2010) as supplemental authority in support of their Motion to Dismiss Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws ("Motion to Dismiss") [D.E. 86]. A copy of Jabil Circuit is attached hereto as Exhibit "A."

In Jabil Circuit, the Eleventh Circuit affirmed the District Court's dismissal with prejudice of a securities class action complaint because the plaintiffs failed to adequately state a claim under the Private Securities Litigation Reform Act ("PSLRA"). The plaintiffs in Jabil Circuit failed to adequately plead falsity of the allegedly fraudulent statements and failed to raise a sufficient inference of scienter. Jabil Circuit addressed the primary arguments made in the

Individual Defendants' Motion to Dismiss – (1) that Plaintiffs' allegations do not state facts with the requisite degree of particularity to state a claim, (2) that most of the statements are forward-looking and protected by the safe harbor provision of the PSLRA, and (3) that Plaintiffs failed to plead scienter with sufficient particularity. Jabil Circuit also clarified existing Eleventh Circuit case law related to forward-looking statements.

First, Jabil Circuit addressed the level of particularity required to state a claim under the PSLRA, and held that allegations of circumstantial evidence unsupported by facts are insufficient to state a claim. Rather, a plaintiff is required to plead specific facts, specific transactions or schemes, and specific amounts of alleged accounting errors. Jabil Circuit, 2010 WL 154519, at *6. The Court stated that pleading facts is necessary so that the Court can apply the factual allegations to the legal standards, determine how much weight to give the allegations, and determine materiality.[1]

Second, Jabil Circuit acknowledged that allegations should be aggregated to show scienter. However, the Court held that if there are no substantial allegations, there is nothing to aggregate. Where allegations are stated in a conclusory fashion without facts to support those conclusions, the Court will give such allegations no weight. Id. at *7. Furthermore, statements of confidential witnesses ("CW") with no specific knowledge should be not be given any weight. The CW statements in Jabil Circuit asserted that the defendants knew of certain issues as of a certain date, and therefore must have known their statements were false. The Court held that such an allegation was inadequate and did not constitute a particularized allegation. Id. at *8.

---

[1] As explained by the Court in Jabil Circuit, "the unique nature of the PLSRA requires [Courts] to resolve this question, whether the alleged conduct is severely reckless, at the pleadings stage, though doing so would be improper in most other contexts." 2010 WL 154519, at *6.

2

Instead, plaintiffs must state "which defendant knew what information and why the information was material" in order to adequately state a claim. Id. at *8 (emphasis added).

Additionally, Jabil Circuit affirmatively held that a forward-looking statement accompanied by meaningful cautionary language is not actionable fraud, even if the speaker knew that the forward-looking statement was false at the time it was made. Thus, Jabil Circuit clarified the decision in Harris v. Ivax Corp., 182 F.3d 799, 803 (11th Cir. 1999), which held that "if a statement is accompanied by 'meaningful cautionary language,' the defendants' state of mind is irrelevant." Jabil Circuit specifically rejected the position taken by some other Circuits that the safe-harbor provision of the PSLRA is not available to defendants who have actual knowledge that their forward-looking statement is false.[2]

The Individual Defendants respectfully submit that Jabil Circuit provides authority in addition to the legal authority previously submitted to this Court, supporting the Individual Defendants Motion to Dismiss Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws.

---

[2] Jabil Circuit rejected the Fifth Circuit's decision in Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 244 (5th Cir. 2009) that the safe harbor provision was not available to a defendant that had knowledge of the falsity of his statement. Lormand was cited by Plaintiffs in their Response to the Individual Defendants' Motion to Dismiss [90]. However, Jabil Circuit expressly stated that Lormand is incorrect and in conflict with the Eleventh's Circuit position on the PSLRA's safe harbor provision. 2010 WL 154519, at *9.

3

Respectfully submitted,

**TEW CARDENAS LLP**
*Attorneys for Individual Defendants*
Four Seasons Tower
1441 Brickell Avenue, 15th Floor
Miami, Florida 33131
Telephone: 305.536.1112
Facsimile: 305.536.1116

By: /s/ Dennis A. Nowak
DENNIS A. NOWAK
Florida Bar No. 328979
dn@tewlaw.com
C. THOMAS TEW
Florida Bar No.098160
tt@tewlaw.com
JESSICA FRANK
Florida Bar No. 0055839
jfrank@tewlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically this 5th day of February, 2010 with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via e-mail and U.S. mail, either via transmission of Notices of Electronic Filing generated by CM/ECF or via U.S. mail to for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Dennis A. Nowak

538698.1

4


*In re BankUnited Securities Litigation*

Case No. 08-CIV-22572-COOKE/BANDSTRA (S.D. Fla.)

## SERVICE LIST

Michael J. Pucillo, Esq.
mpucillo@bermandevalerio.com
Wendy H. Zoberman, Esq.
wzoberman@bermandevalerio.com
BERMAN DeVALERIO
4280 Professional Center Drive, Suite 350
Palm Beach Gardens, FL 33410
Tel:   561/835-9400
Fax:  561/835-0322

*Lead Counsel for Lead Plaintiffs Louisiana Municipal Police Employees Retirement System and Oklahoma Police Pension & Retirement System*

Glen DeValerio, Esq.
gdevalerio@bermandevalerio.com
Leslie R. Stern, Esq.
lstern@bermanesq.com
BERMAN DeVALERIO
One Liberty Square
Boston, MA 02109
Tel:   617/542-8300
Fax:  617/542-1194

*Lead Counsel for Lead Plaintiffs Louisiana Municipal Police Employees Retirement System and Oklahoma Police Pension & Retirement System*

Jack Reise, Esq.
jreise@csgrr.com
Paul J. Geller, Esq.
pgeller@csgrr.com
Douglas Scott Wilens, Esq.
dwilens@csgrr.com
COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Tel:   561/750-3000
Fax:  561/750-3364

*Attorneys for Plaintiff Waterford Township General Employees Retirement System and Movant The Pension & Annuity Funds*

Martin D. Chitwood, Esq.
mchitwood@chitwoodlaw.com
Ze'Eva K. Banks, Esq.
zbanks@chitwoodlaw.com
Robert W. Killorin, Esq.
rkillorin@chitwoodlaw.com
James M. Wilson, Jr., Esq.
jwilson@chitwoodlaw.com
CHITWOOD HARLEY HARNES LLP
1230 Peachtree Street NE
Promenade II, Suite 2300
Atlanta, GA 30309
Tel:   303/873-3900

*Attorneys for Movant Georgia Municipal Employee Benefit System Retirement Fund*

Ryon M. McCabe, Esq.
Rmccabe@mccaberabin.com
McCABE RABIN, P.A.
1601 Forum Place, Suite 301
West Palm Beach, FL 33401
Tel:   561/659-7878
Fax:   561/242-4848

*Attorneys for Movant The New Jersey Building Laborers Pension and Annuity Funds*

Jeffrey Miles Ostrow, Esq.
Ostrow@thkolaw.com
THE KOPELOWITZ & OSTROW FIRM, P.A.
200 S.W. 1st Ave., 1th Floor
Ft. Lauderdale, FL 33301
Tel:   954/525-4100
Fax:   954/525-4300

*Attorneys for Movant Georgia Municipal Employee Benefit System Retirement Fund*

Maya Susan Saxena, Esq.
Msaxena@saxenawhite.com
SAXENA WHITE P.A.
2424 N. Federal Highway, Suite 257
Boca Raton, FL 33431
Tel:   561/394-3399
Fax:   561/394-3382

*Attorneys for Movant The City of Tulsa Municipal Employees Retirement Plan*

Kendall Coffey, Esq.
Kcoffey@coffeyburlington.com
Jeffrey B. Crockett, Esq.
jcrockett@coffeyburlington.com
Kevin C. Kaplan, Esq.
Kkaplan@coffeyburlington.com
COFFEY BURLINGTON
2699 Bayshore Drive, PH
Miami, FL 33133
Tel:   305/858-2900
Fax:   305/858-5261

*Attorney for Defendant Alfred R. Camner*

Dennis A. Nowak, Esq.
Dn@tewlaw.com
C. Thomas Tew, Esq.
Tt@tewlaw.com
Jessica R. Frank, Esq.
Jfrank@tewlaw.com
TEW CARDENAS LLP
Four Seasons Tower
1441 Brickell Avenue, 15th Floor
Miami, FL 33131
Tel:   305/536-1112
Fax:   305/536-1116

*Attorneys for Defendants Ramiro Ortiz and Humberto Lopez*

525608.1