UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Master File No. 08-CIV-22572-COOKE/BANDSTRA

IN RE BANK UNITED SECURITIES
LITIGATION

THIS DOCUMENT RELATES TO:
ALL ACTIONS

**LEAD PLAINTIFFS' LOUISIANA MUNICIPAL POLICE EMPLOYEES'
RETIREMENT SYSTEM AND THE OKLAHOMA POLICE PENSION
AND RETIREMENT SYSTEM'S RESPONSE TO INDIVIDUAL DEFENDANTS'
RAMIRO R. ORTIZ AND HUMBERTO L. LOPEZ'S NOTICE OF
<u>SUPPLEMENTAL AUTHORITY</u>**

In their "Notice of Supplemental Authority" ("Notice"), Defendants Ramiro R. Ortiz and Humberto L. Lopez (collectively "Defendants"), take the opportunity to both submit the opinion *Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*, No. 09-10954, 2010 WL 154519 (11th Cir. Jan. 19, 2010), and to add three pages of argument to their briefs in support of their Motion to Dismiss. Because Defendants make factually incorrect statements about the *Jabil* decision and overstate its applicability to this case, Lead Plaintiffs respectfully respond as follows:

1. Contrary to Defendants' assertion, the plaintiffs in *Jabil* did not "fail [] to adequately plead falsity of the alleged fraudulent statements." Notice at 1. Rather, the Eleventh Circuit found just the opposite, stating "[w]e agree with the shareholders and conclude that the complaint adequately presents a claim of falsity." *Jabil*, 2010 WL 154519, at *4. In so concluding, the court specifically rejected the appellees' argument, similar to that made by

Defendants here, that "the complaint inadequately pleads falsity because there is no allegation about why the statements are false." *Id.*

2. Although their Notice purports to strengthen arguments previously made, these Defendants place too much reliance on the *Jabil* opinion, which is too factually distinguishable to be relevant to many of the issues before this Court:

a. The *Jabil* court found the allegations in that case "strikingly similar to those we encountered in *Rosenberg [v. Gould*, 554 F.3d 962 (11th Cir. 2009)]." *Id.* at *5. *Rosenberg*, like *Jabil*, was an option backdating case. In their Opposition to Defendants' Motions to Dismiss ("Opp. Br."), Lead Plaintiffs noted that *Rosenberg* differed significantly from the instant case due to its lack of alleged "'glaring accounting irregularities' or 'other red flags' that the financial statements contained material misstatements or omissions," while here the Office of Thrift Supervision's ("OTS") Cease and Desist Orders detailed numerous failures at BankUnited concerning Option ARM lending and capitalization, and the March 2008 SEC correspondence highlighted deficiencies in BankUnited's capital and disclosures. Opp. Br. at 4.

b. While the shareholders in *Jabil* failed to put the accounting error "in the context of total corporate business," so the court could determine whether any insider "should have noticed the errors," *Jabil* at *6, here, Lead Plaintiffs allege, *inter alia*, the amount by which BankUnited was undercapitalized, eventually resulting in the Cease and Desist Orders issued by the OTS, which found that BankUnited had engaged in "unsafe and unsound practices," as well as the amount of undisclosed "layered risk," (*i.e.*, the granting of Option ARM loans without full documentation) to which BankUnited was exposed, and the fact that more than 75% of BankUnited's customers were only making minimum monthly payments while Defendants misleadingly claimed that "[u]nderwriting is performed at the fully indexed rate," (approved

2

based on full principal and interest payment assumptions).

        c.       Unlike the shareholders in *Jabil*, Lead Plaintiffs here *do* plead information about Defendant Camner's trading history before *and* after the Class Period, to aid the Court in determining "from the Complaint that the sales of large numbers of shares is suspicious enough to add to an inference of scienter." *Id.* at *7.

        d.       The *Jabil* court did not hold that statements of confidential witnesses "with no specific knowledge should not be given any weight." Notice at 2. Rather, the Eleventh Circuit discussed confidential witnesses in the context of the shareholders' *insider trading claims*, that required "the insider have possession of material nonpublic information at the time of the insider trades," and plaintiffs to state "which defendant knew what information and why the information was material." *Id.* at *8. (citing district court opinion *Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*, 595 F. Supp. 2d 1253, 1288 (M.D. Fla. 2009)). *Id.* at *8. There is no insider trading claim in this case. Rather, Lead Plaintiffs allege a course of conduct by Defendants during the Class Period, which the OTS found to have constituted "unsafe and unsound practices" and resulted in BankUnited "being in an unsatisfactory condition."

        e.       With respect to forward-looking statements protected by the Safe Harbor provision of the PSLRA, the *Jabil* opinion addressed quarterly projections, which the shareholders did *not* contend were "not meaningfully cautionary within the meaning of the [PSLRA] statute." *Id.* at *9. Here, Lead Plaintiffs *do* allege *both* that Defendants' false and misleading statements were *not* forward-looking and that there was *no* meaningful cautionary language. *See* Opp. Br. at 48-55. The holding in *Jabil* was clearly qualified so that "an allegation of actual knowledge of falsity will not deprive a defendant of protection by the statutory safe harbor *if* his forward-looking statements are accompanied by meaningful

3

cautionary language." *Id.* at *9 (emphasis added). Because Defendants' statements here were not forward-looking and were not accompanied by meaningful cautionary language, the holding of *Jabil* is inapplicable.

Dated: February 17, 2010            Respectfully submitted,

**BERMAN DeVALERIO**

By:   s/ Michael J. Pucillo
      Michael J. Pucillo
      Fla. Bar No. 261033
      Email: mpucillo@bermandevalerio.com
      Wendy H. Zoberman
      Fla. Bar No. 434670
      Email: wzoberman@bermandevalerio.com
      4280 Professional Center Dr.
      Suite 350
      Palm Beach Gardens, FL 33410
      Tel: 561/835-9400
      Fax: 561/835-0322

      and

      Steven J. Buttacavoli
      Email: sbuttacavoli@bermandevalerio.com
      Jason M. Leviton
      Email: jleviton@bermandevalerio.com
      One Liberty Square
      Boston, MA 02109
      Tel: 617/542-8300
      Fax: 617/542-1194

      *Lead Counsel*

Roger B. Greenberg, Esq.
Email: rgreenberg@schwartz-junell.com
Schwartz Junell Greenberg
  & Oathout LLP
909 Fannin Street
Suite 2700
Houston, TX  77010
Tel: 713/752-0017
Fax: 713/752-0327
*Additional Plaintiffs' Counsel*

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 17, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served to all counsel on the attached Service List this day via transmission of Notice of Electronic Filing generated by CM/ECF.

      s/Michael J. Pucillo

*In re Bank United Securities Litigation*

Case No. 08-CIV-22572-COOKE/BANDSTRA
United States District Court, Southern District of Florida

**SERVICE LIST**

Michael J. Pucillo
mpucillo@bermandevalerio.com
Wendy H. Zoberman
wzoberman@bermandevalerio.com
BERMAN DeVALERIO
4280 Professional Center Drive, Suite 350
Palm Beach Gardens, FL 33410
Tel:     561/835-9400
Fax:    561/835-0322

*Lead Counsel for Lead Plaintiffs Louisiana Municipal Police Employees Retirement System and Oklahoma Police Pension & Retirement System*


Glen DeValerio
gdevalerio@bermandevalerio.com
Leslie R. Stern
lstern@bermandevalerio.com
Jason M. Leviton
jleviton@bermandevalerio.com
Steven Buttacavoli
sbuttacavoli@bermandevalerio.com
BERMAN DeVALERIO
One Liberty Square
Boston, MA 02109
Tel:     617/542-8300
Fax:    617/542-1194

*Lead Counsel for Lead Plaintiffs Louisiana Municipal Police Employees Retirement System and Oklahoma Police Pension & Retirement System*
*[Via CM/ECF]*

Jack Reise
jreise@csgrr.com
Paul J. Geller
pgeller@csgrr.com
Douglas Scott Wilens
dwilens@csgrr.com
COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel:     561/750-3000
Fax:    561/750-3364

*Attorneys for Plaintiff Waterford Township General Employees Retirement System and Movant The Pension & Annuity Funds*
*[Via CM/ECF]*

Martin D. Chitwood
mchitwood@chitwoodlaw.com
Ze'Eva K. Banks
zbanks@chitwoodlaw.com
Robert W. Killorin
rkillorin@chitwoodlaw.com
James M. Wilson, Jr.
jwilson@chitwoodlaw.com
CHITWOOD HARLEY HARNES LLP
1230 Peachtree Street NE
Promenade II Suite 2300
Atlanta, GA 30309
Tel:     303/873-3900

*Attorneys for Movant Georgia Municipal Employee Benefit System Retirement Fund*
*[Via CM/ECF]*

Ryon M. McCabe
rmccabe@mccaberabin.com
McCABE RABIN, P.A.
1601 Forum Place, Suite 301
West Palm Beach, FL 33401
Tel:    561/659-7878
Fax:    561/242-4848

*Attorneys for Movant The New Jersey Building Laborers Pension and Annuity Funds*
*[Via CM/ECF]*

Jeffrey Miles Ostrow
ostrow@thkolaw.com
THE KOPELOWITZ
  & OSTROW FIRM PA
200 S.W. 1st Avenue
12th Floor
Ft. Lauderdale, FL 33301
Tel:    954/525-4100
Fax:    954/525-4300

*Attorneys for Movant Georgia Municipal Employee Benefit System Retirement Fund*
*[Via CM/ECF]*

Maya Susan Saxena
msaxena@saxenawhite.com
SAXENA WHITE PA
2424 N. Federal Highway
Suite 257
Boca Raton, FL 33431
Tel:    561/394-3399
Fax:    561/394-3382

*Attorneys for Movant The City of Tulsa Municipal Employees Retirement Plan*
*[Via CM/ECF]*

Dennis A. Nowak
dn@tewlaw.com
C. Thomas Tew
tt@tewlaw.com
Jeffrey A. Tew
jt@tewlaw.com
TEW CARDENAS, LLP
Four Seasons Tower
1441 Brickell Avenue, 15th Floor
Miami, FL 33131
Tel:    305/536-1112
Fax:    305/536-1116

*Attorneys for Defendants Ramiro Ortiz and Humberto L. Lopez*
*[Via CM/ECF]*

Kendall Coffey
kcoffey@coffeyburlington.com
Jeffrey B. Crockett
jcrockett@coffeyburlington.com
Kevin C. Kaplan
kkaplan@coffeyburlington.com
David J. Zack
dzack@coffeyburlington.com
COFFEY BURLINGTON
2699 Bayshore Drive, PH
Miami, FL  33133
Tel:    305/858-2900
Fax:    305/858-5261

*Attorneys for Defendant Alfred R. Camner*
*[Via CM/ECF]*