**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 08-CIV-22572-COOKE/BANDSTRA

|   |   |
|---|---|
| *In re BankUnited Securities Litigation* | ) ) ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) |

**LEAD PLAINTIFFS' MOTION TO FILE AN AMENDED COMPLAINT**
**AND INCORPORATED MEMORANDUM OF LAW**

Lead Plaintiffs, by their undersigned counsel, hereby move this Court to: (i) allow Lead Plaintiffs Louisiana Municipal Police Employees' Retirement System and the Oklahoma Police Pension and Retirement System (collectively "Lead Plaintiffs") to file a Second Consolidated Amended Complaint ("Amended Complaint") to cure the deficiencies identified by this Court in its Order Granting Defendants Ortiz, Lopez, and Camner's Motion to Dismiss Consolidated Amended Class Action Complaint dated March 30, 2010 (the "Order"); and (ii) enter the [Proposed] Order filed herewith.  In support of this Motion, Lead Plaintiffs submit the following:

**MEMORANDUM OF LAW**

**PRELIMINARY STATEMENT**

On March 30, 2010, this Court entered the Order dismissing Lead Plaintiffs' Consolidated Amended Class Action Complaint ("Complaint") *without prejudice*.  Order at p. 35.  As set forth below, Lead Plaintiffs have a right to amend their Complaint if either the opposing party consents in writing or if the court grants leave to amend.  Defendants, by and through their counsel, have refused to consent in writing to Lead Plaintiffs' filing an Amended Complaint.  Lead Plaintiffs thus move this Court for leave to amend their Complaint.

1

**ARGUMENT**

**Fed. R. Civ. P. 15 Provides a Liberal Right To Amend.**

Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely give a party leave to amend its pleading if justice so requires. *See also Jennings v. BIC Corp.,* 181 F.3d 1250, 1258 (11th Cir.1999) (stating that "leave to amend should be liberally granted when necessary in the interest of justice" under Fed.R.Civ.P. 15(a)); *Florida Power & Light Co. v. Allis Chalmers Corp.,* 85 F.3d 1514, 1520 (11th Cir.1996) ("Unless substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.") (citing *Shipner v. Eastern Air Lines, Inc.,* 868 F.2d 401, 407 (11th Cir.1989)). More specifically, the Eleventh Circuit has held that, once a complaint is dismissed, "the plaintiff may still move the court for leave to amend, and such amendments should be granted liberally." *Czeremcha v. International Ass'n of Machinists and Aerospace Workers, AFL-CIO,* 724 F.2d 1552, 1556 (11th Cir. 1984).

Here, Lead Plaintiffs previously requested leave to replead, in accordance with Rule 15(a), if the Court found the Complaint deficient. *See Lead Plaintiffs' Louisiana Municipal Police Employees' Retirement System and The Oklahoma Police Pension and Retirement System's Memorandum of Law in Opposition to Defendants' Motions to Dismiss The Consolidated Amended Class Action Complaint* ("Opposition"), p. 59, n. 64. This Court dismissed the case *without prejudice* and did not suggest that an amendment would be futile or that the case was dismissed *with* prejudice. Thus, leave to amend should be granted.

A court may deny a motion to amend only for such reasons as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Florida Evergreen Foliage v. E.I. Dupont De Nemours*

*and Co.,* 336 F. Supp.2d 1239, 1254 (S.D. Fla. 2004) (quoting *Foman v. Davis,* 371 U.S. 178, 182, (1962)).  In this case, none of the factors listed above have been met.  Therefore, Lead Plaintiffs timely move this Court, in good faith, to amend the Complaint.  This is Lead Plaintiffs' *first* request to amend the Complaint and believe that amendment can and will cure the deficiencies noted by the Court for the first time in the Order dismissing the Complaint.  Moreover, amendment is far from futile because the concerns cited by this Court are curable.  In fact, there are a number of examples in the Order where the Court noted, if properly pled, Lead Plaintiffs' allegations could form the basis of a securities fraud claim.  *See, e.g.,* Order at p. 15.

Lead Plaintiffs are working diligently to amend the Complaint to cure its deficiencies and provide the Court with properly pled securities fraud claims.[1]  The deficiencies the Court identified are similar to those in *Hubbard v. BankAtlantic Bancorp, Inc.,* 625 F. Supp. 2d 1267 (2008) (finding investor failed to satisfy scienter requirement under the PSLRA).  In *Hubbard*, plaintiff was granted leave to amend the complaint and the court later denied the defendants' second motion to dismiss, finding that the amended complaint, taken as a whole, sufficiently alleged securities fraud claims.  *Hubbard v. BankAtlantic Bancorp, Inc.,* C.A. No. 07-61542, 2009 U.S. Dist. LEXIS 98023 (S.D. Fla. May 12, 2009).

In addition to the specific, curable issues identified by the Court, additional facts have come to light since Lead Plaintiffs filed the Complaint and thus were not previously included in that Complaint.  These new facts, which will be set forth in the Amended Complaint, are derived from further interviews with confidential witnesses and federal regulatory investigations.  Thus, as in *Hubbard*, Lead Plaintiffs should be granted leave to file an Amended Complaint.

---

[1]  The Eleventh Circuit has made clear that failing to submit a proposed amended complaint is not a basis for denying leave to amend.  A motion for leave is sufficient if the motion itself "set[s] forth the substance of the proposed amendment[.]"  *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008).

## **CONCLUSION**

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court enter the attached [Proposed] Order.

Dated:  April 2, 2010                                            Respectfully submitted,

                                                 **BERMAN DeVALERIO**

By:   /s/ Michael J. Pucillo
       Michael J. Pucillo
       Fla. Bar No. 261033
       Wendy H. Zoberman
       Fla. Bar No. 434670
       4280 Professional Center Dr.
       Suite 350
       Palm Beach Gardens, FL 33410
       Tel:  561/835-9400
       Fax:  561/835-0322
       Email: mpucillo@bermandevalerio.com
       Email:  wzoberman@bermandevalerio.com

and

Steven J. Buttacavoli
Jason M. Leviton
Daryl DeValerio Andrews
One Liberty Square
Boston, MA  02109
Tel: 617/542-8300
Fax:  617/542-1194
Email:  sbuttacavoli@bermandevalerio.com
Email:  jleviton@bermandevalerio.com
Email:  DDevalerio@bermandevalerio.com

*Lead Counsel for the Putative Class*

4

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

I hereby certify that on April 1, 2010 I conferred with counsel for defendants in a good faith effort to attempt to resolve by agreement the issues raised in this motion and have been unable to do so.

/s/ Michael J. Pucillo\
Michael J. Pucillo

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Michael J. Pucillo\
Michael J. Pucillo

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 08-CIV-22572-COOKE/BANDSTRA

)
*In re BankUnited Securities Litigation*  )
THIS DOCUMENT RELATES TO:  )
ALL ACTIONS  )
)

### [PROPOSED] ORDER

Having considered Lead Plaintiffs' Motion to File An Amended Complaint and Incorporated Memorandum of Law dated April 2, 2010 (the "Motion"), I hereby GRANT Lead Plaintiffs' Motion and ORDER and APPROVE the following schedule with respect to filing and briefing on Lead Plaintiffs' Second Consolidated Amended Class Action Complaint For Violations Of The Federal Securities Laws (the "Amended Complaint"):

1. Lead Plaintiffs have seventy-five (75) days from the date of this Order to file an Amended Complaint;

2. Defendants have sixty (60) days from the filing of the Amended Complaint to file responsive pleadings;

3. If Defendants move to dismiss the Amended Complaint, Lead Plaintiffs have sixty (60) days from the filing of the motions to dismiss to file an opposition brief; and

4. If Lead Plaintiffs file an opposition to Defendants' motions to dismiss, Defendants have 30 days to file reply briefs in support of their motions to dismiss.

5. Discovery will continue to be stayed pending a ruling on any motions to dismiss the Amended Complaint.

**DONE AND ORDERED** in Miami, Florida, this ___ day of April, 2010.

_____
MARCIA G. COOKE
United States District Judge