UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-22572-Civ-Cooke/Bandstra

In re BankUnited Securities Litigation
THIS DOCUMENT RELATES TO ALL ACTIONS

LOUISIANA MUNICIPAL POLICE EMPLOYEES
RETIREMENT SYSTEM AND THE OKLAHOMA
POLICE PENSION AND RETIREMENT SYSTEM,

        Plaintiffs,

-vs-

ALFRED R. CAMNER, RAMIRO A. ORTIZ
and HUMBERTO L. LOPEZ,

        Defendants.
_____/

**DEFENDANT CAMNER'S OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD COMPLAINT**

    Defendant Alfred R. Camner hereby files this response in opposition to the Plaintiffs' Motion to File an Amended Complaint (DE 98), supported by a "Compendium" of cases "cited in" (even if not supporting the relief requested in) their Motion (DE 99). Plaintiffs apparently try to convince the Court of the weightiness of their request, not by the strength of the arguments or any factual proffer in their Motion (DE 98), which are entirely lacking, but by the bulk of the cases copied and added to the court file (DE 99), although the cases, upon reading, fail to support the relief requested by Plaintiffs and in fact mandate denial of leave to amend here.

    So long as a party complies with scheduling orders and governing local rules, leave to amend should be "freely given when justice so requires." Rule 15, Fed. R. Civ. P. See *Foman v. Davis,* 371 U.S. 178, 182 (1962) (in general, leave to amend should be granted in the absence of undue delay, bad faith or dilatory motive, undue prejudice, futility, etc.) The governing case

on amendments following dismissal under the Private Securities Litigation Reform Act in this Circuit is *Mizzaro v. Home Depot, Inc.,* 544 F.3d 1230, 1255-57 (11th Cir. 2008), which teaches that leave to amend should be denied in the absence of a proffered amended complaint which "surmount[s] the pleading hurdles that Congress has imposed." Id. at 1257. If the Plaintiffs in *Mizzaro* who proffered some new facts (although not substantial enough to make their securities claims viable) were denied leave to amend, the Plaintiffs here (who have proffered nothing and made no showing of good cause for delay and have violated this Court's Scheduling Order and the Local Rules) should be denied leave to amend. The PSLRA has stringent requirements to protect those such as Defendants from the burdens of fraud lawsuits such as that filed herein; Plaintiffs have not met those requirements; and they say nothing to convince the Court that they could do so given yet another chance.

Plaintiffs' Motion to Amend in this case, which requests leave to file a third complaint, should be denied for four reasons. First, the proposed amendment is outside of the deadline to amend set by this Court in its Order Setting Pretrial Deadlines (DE 70 at 1), which was January 4, 2010. Second, Local Rule 15.1, S.D. Fla., specifically requires that a motion to amend "shall" contain the proposed amended pleading as an attachment, and Plaintiffs have ignored this procedural requirement. Third, binding precedent under the Private Securities Litigation Reform Act (PSLRA) requires that motions for leave to amend following dismissal be denied unless the motion proffers facts which demonstrate that a different result would follow, and Plaintiffs proffer no such compelling factual allegations in their motion. Fourth, and related, based on the legal rulings of this Court in its Order granting the Defendants' motion to dismiss (DE 97), the proposed amendment would be futile.

2

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

### Plaintiffs' Motion Is Untimely Under this Court's Scheduling Order

Plaintiffs' motion for leave to amend is out of time under this Court's Order Setting Civil Jury Trial Date and Pretrial Deadlines (DE 70). On July 14, 2009, this Court set January 10, 2010 as the deadline for any amendments of the Complaint by Plaintiff. The Defendants filed their motions to dismiss in August 2009 (DE 86, 88), leaving the defendants with nearly five months in which to prepare any amendments addressing the defects therein identified. The Plaintiffs' failure to do so authorizes the Court to deny leave to amend as untimely. *Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417, 1418-19 (11th Cir. 1998) (denial of leave to amend proper where party did not show good cause for delay and diligent effort to comply with scheduling order setting deadline for amendment); *Southern Grouts & Mortars Inc. v. 3M Co.,* 575 F.3d 1235, 1241 (11th Cir. 2009) (same). Plaintiff's failure to comply with this Court's order warrants denial of leave to amend.

### Plaintiffs Have Not Complied with the Local Rules of this Court

Local Rule 15.1 of this Court provides:

> **A party who moves to amend a pleading shall attach the original of the amendment to the motion** in the manner prescribed by Section 3(H)(1) of the CM/ECF Administrative Procedures. Any amendment to a pleading, whether filed as a matter of course or upon a successful motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. When a motion to amend is granted, the amended pleading shall be separately filed and served forthwith.

(Emphasis added.) Plainly the Local Rule has been violated, which provides a sufficient basis for denial of leave to amend in itself. The intent of the rule is obvious: it is incumbent on the party requesting an amendment to do the work of amendment **before** the motion for leave to amend is filed, allowing the Court, upon informed briefing by the parties, to make a judgment as to the good cause for (or futility of) amendment, whether in fact the amended pleading cures the

3

defects of its predecessors, and the like. The Plaintiffs' blithe assurance that the Court should simply trust the Plaintiffs in their judgment that their third complaint would "cure its deficiencies and provide the Court with properly pled securities fraud claims," Motion, DE 98 at 3, is no substitute for compliance with the Local Rule. Plaintiff's citation to the case of *Hubbard v. BankAtlantic Bancorp. Inc.,* 625 F.Supp.2d 1267, 1293 (S.D. Fla. 2008), where the district court (unlike this Court) granted leave to amend in its dismissal order,[1] plainly does not help Plaintiffs here.

### No New Allegations or Good Cause Are Proffered

Assuming that Plaintiffs' non-compliance with this Court's Orders and the Local Rules is simply ignored, Plaintiff has still failed to proffer any new specific factual allegations not already in its current complaint, which also requires denial of leave to amend. *Mizzaro v. Home Depot, Inc.,* 544 F.3d 1230, 1255(11th Cir. 2008) (leave to amend properly denied in absence of proffer of new specific facts which would support a valid securities fraud claim); *see Harris v. Ivax Corporation,* 182 F.3d 799, 807-08 (11th Cir. 1999)(same). In essence, Plaintiffs have not met their burden of establishing that the new amendment would not be futile. Plaintiffs cite *Mizzaro* for the proposition that the actual proffered pleading is not necessarily required where the motion "sets forth the substance of the proposed amendment." Motion, DE 98 at n.1. While *Mizzaro* does not address the applicability of a local rule requiring attachment of proffered amended pleadings, in general, a motion to amend which states the "substance" of a proposed amendment

---

[1] As Plaintiffs point out, *Hubbard* illustrates the unquestioned proposition that sometimes an amended pleading can cure a defect in an earlier pleading. While this is true, Plaintiffs have failed to establish that this case falls into the *Hubbard* category rather than the *Mizzaro* or *Florida Evergreen* category, these latter two being cases where leave to amend was properly denied.

4

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

(for instance, which recites all changes intended to be made in the proffered amended pleading) might be the functional equivalent of attachment of the pleading itself.

It is, however, clear that Plaintiff has not met the test of *Mizzaro* here. Beyond the vague statements that Plaintiff is acting in "good faith," that Plaintiffs "believe" that their amendment will cure the deficiencies noted by the Court and that the Plaintiffs are "working diligently" on the amendment in some unspecified manner, DE 98 at 3, Plaintiffs provide nothing of "substance" regarding their proposed amendment. Indeed, Plaintiffs do not cite even **one** allegation, much less any specific fact, which if included in a third complaint might improve its chances of success against PSRLA attack. Nor do Plaintiffs provide any explanation for why whatever they now know (or can allege) was not known (or could not have been alleged) at the time of drafting of the prior Consolidated Amended Class Action Complaint. In a district court case cited by Plaintiffs, *Florida Evergreen Foliage v. E.I. duPont & Co.,* 336 F.Supp. 2d 1239, 1254-59 (S.D. Fla. 2004)(Gold, J.)(DE 99-11), *aff'd*, 470 F.3d 1036 (11th Cir. 2006), the Court denied leave to amend as untimely and futile where the proffered amended RICO complaint shared the defects identified in its predecessor and the Plaintiff did not explain why the new allegations could not have been alleged earlier. In this case, similarly, Plaintiffs have established neither timeliness nor lack of futility. Plaintiffs' failure to identify any specific new facts not previously available to them speaks volumes. Consequently, Plaintiff's motion for leave to amend should thus be denied.

### **Amendment Would Be Futile**

This is not a case where a complaint was dismissed for failure to allege a simple predicate fact, such as the citizenship of a party or the assignment of a claim to the Plaintiff. Instead, this is a case where the Court, in a detailed and careful analysis of the pleading and the record, has

5

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

identified multiple fatal flaws in the Plaintiffs' Consolidated Amended Class Action Complaint (DE 97).

The Court has found (1) most of the positive statements in BankUnited's statements alleged by Plaintiff – in particular, applications of adjectives such as "strict," "stringent," "conservative," and "strong" in relation to BankUnited's practices –were immaterial as a matter of law as corporate "puffery"' (DE 97 at 14-15); (2) many of the optimistic statements alleged by Plaintiff were forward-looking statements within the statutory safe harbor[2] (DE 97 at 16-21); (3) the specific and verifiable statements in BankUnited's public filings were not alleged to be false (DE 97 at 21-24); and (4) the complaint's allegations relating to stock sales, appraisal review, loan loss reserves, BankUnited's capital, and GAAP violations did not give rise to a "strong inference" of scienter as to any defendant  (DE 97 at 24-34).  In view of these findings, none of which are questioned by Plaintiffs, and in the absence of new and significant allegations of specific facts which show falsity, materiality, knowledge of falsity and scienter, leave to amend should be denied.

Defendants recognize that this Court dismissed the Consolidated Amended Complaint without prejudice, thus allowing the Plaintiffs a potential chance to move to amend.  The Plaintiffs, however, have not complied with either Local Rule 15.1 or the requirements of law in their conclusory "trust me" motion.   Plaintiffs' naked and unsupported request for a chance to replead should be denied by this Court.

---

[2] The reasoning of this Court on the "forward-looking" point was supported by a recent Eleventh Circuit precedent, *Edward Goodman Life Income Trust v. Jabil Circuit, Inc.,* 594 F.3d 783, 793-96 (11th Cir. 2010)(affirming dismissal of complaint challenging forward-looking statements).

6

## CONCLUSION

For reasons stated herein, leave to amend should be denied.

                        Respectfully submitted,

                    By**:** s/Jeffrey B. Crockett
                        Kendall Coffey (Fla. Bar #259861)
                        kcoffey@coffeyburlington.com
                        Jeffrey B. Crockett (Fla. Bar #347401)
                        jcrockett@coffeyburlington.com
                        Kevin C. Kaplan (Fla. Bar #933848)
                        kkaplan@coffeyburlington.com
                        COFFEY BURLINGTON, P.L.
                        2699 South Bayshore Drive, Penthouse
                        Miami, FL 33133
                        Telephone: (305) 858-2900
                        Facsimile: (305) 858-5261

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 7, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Mailing Information for Case 1:08-cv-22572-MGC. Counsel of record currently identified on the Mailing Information list to receive e-mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF. Counsel of record who are not on the Mailing Information list to receive e-mail notices for this case have been served via U.S. Mail.

s/Jeffrey B. Crockett

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com