UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MASTER FILE NO. 08-CIV-22572-COOKE/BANDSTRA

IN RE BANKUNITED SECURITIES
LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

**LEAD PLAINTIFFS, LOUISIANA MUNICIPAL POLICE
EMPLOYEES' RETIREMENT SYSTEM AND THE OKLAHOMA
POLICE PENSION AND RETIREMENT SYSTEM'S
REPLY TO DEFENDANTS' OPPOSITIONS TO LEAD PLAINTIFFS'
<u>MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT</u>**

The Lead Plaintiffs in this case, the Louisiana Municipal Police Employees' Retirement System ("MPERS") and the Oklahoma Police Pension and Retirement System ("OPERS") (collectively, "Lead Plaintiffs"), seek leave of this Court to file their second complaint in this case.  While this case was initiated by Waterford Township General Employees Retirement System on September 16, 2008, MPERS and OPERS first appeared in this case on November 17, 2008, when they filed their Motion to be Appointed as Lead Plaintiffs pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PLSRA").  Pursuant to the Court's Order of April 6, 2009, MPERS and OPERS filed their first – and only – Complaint in this case on June 30, 2009.  That Complaint was dismissed without prejudice by the Court on March 30, 2010 ("Order of Dismissal").  Promptly, on April 2, 2010, MPERS and OPERS sought leave to file an amended

complaint. Contrary to Defendants' statements in their opposition briefs, the amendment sought will be their second – not their third – complaint in this case.

## ARGUMENT

While acknowledging that the Court's Order of Dismissal was "without prejudice," Defendants advance four arguments against granting leave to amend. The first two are technical, failure to comply with a Scheduling Order, and the failure to attach a draft amended complaint to the Motion. The third argument is simply a substantive version of the second argument, and the fourth argument is that amendment would be futile. Each of these arguments must fail. There is a strong policy that "amendments should be granted liberally" in this Circuit, *Czeremcha v. International Ass'n of Machinists and Aerospace Workers*, 724 F.2d 1552, 1556 (11th Cir. 1984), and Defendants' arguments do not override that policy.

**I.    Defendants' Technical Arguments Are Meritless**

Defendants' suggestion that the amendment of pleadings deadline in the Court's Scheduling Order somehow precludes leave to amend is baseless. The Motions to Dismiss were still *sub judice* on January 9, 2010, and filing an amended complaint while the Court was considering the Motions to Dismiss would have made no sense. The Court's deadline was never intended to address amendment in response to an Order of Dismissal.

Defendants' second technical argument is equally meritless. The Consolidated Complaint in this action was 114 pages long. The Court's Order of Dismissal was 35 pages. Lead Plaintiffs moved for leave to amend within three days of the Court's entry of that Order. The notion that Lead Plaintiffs should attach a proposed amended complaint three days after the Court's Order of Dismissal is not realistic. Besides, the Eleventh Circuit held in *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008), that:

2

> Although submitting a proposed amended complaint is a good practice and we highly recommend it, our case law makes clear that failing to do so is not a basis for denying leave to amend.

To deny leave to amend due to the failure to submit a proposed complaint 72 hours after the Court's ruling in the face of appellate authority on point would be error.[1]

## II.   Amendment Would Not Be Futile

By granting Defendants' Motions to Dismiss without prejudice, this Court has already determined that amendment would not be futile.  "[D]ismissing without prejudice ... would imply that the court did not believe the defects in the complaint were unremediable." *DCP Programs Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  Indeed, in its Order of Dismissal, the Court specifically addressed certain deficiencies in the Complaint, and discussed how they might be cured.  *See* Order of Dismissal at 23 ("Although the Complaint, in a vague and roundabout manner, seems to suggest that Defendants understated the inherent risk in the Company's loan portfolio because Defendants failed to disclose the Bank's reliance on mortgages issued on a less than fully documented basis, Plaintiffs fail to demonstrate the extent of this omission, and how the omission was misleading.  For example, while Plaintiffs state in Paragraph 22 that 'BankUnited disclosed in May 2008 [that] only 17.4% of all loans in its residential mortgage portfolio as of March 31, 2008 were made on a "full documentation employment verified" ("full documentation") basis,' they fail to specifically allege in their Complaint that Defendants, with fraudulent intent, omitted this fact from its prior statements; that this fact was material; and how this omission misled them.");  Order of Dismissal at 27 ("...Plaintiffs fail to discuss what proportion of Camner's stock was sold, as compared to the proportion that was held by him

---

[1] If the Court wants to review an amended complaint prior to ruling on a Motion for Leave to Amend, one way to address such a concern would be to direct the Lead Plaintiffs to file their proposed amended complaint within a reasonable period of time, and defer ruling on the Motion for Leave to Amend until the Court reviews the proposed pleading.

3

during the relevant time period"); Order of Dismissal at 29 ("Although Plaintiffs claim that Defendant Camner stated to CW1 with regards to reviewing inappropriate appraisals to 'cut them, but not too many,' they fail to provide any context whatsoever to this six-word exchange between Camner and CW1.  (Compl. ¶ 28, 165).  It is important to note that Plaintiffs' characterization that the discussion between Camner and CW1 revolved around 'inappropriate appraisals;' CW1 him or her self is not quoted as having made this representation.  Without more context to this alleged conversation, I cannot accept Plaintiffs' conclusory characterization."). These are simply a few examples of specific allegations that the Court found absent from the current Complaint.

Lead Plaintiffs are prepared to address the Court's concerns in an amended complaint. As noted above, this would be the first amendment, as the Consolidated Complaint was the first complaint filed by MPERS and OPERS in this litigation.  Indeed, the *Florida Evergreen Foliage v. DuPont*, 336 F. Supp. 1239 (S.D. Fla. 2004), case on which Defendants rely, involved three attempts at amendment over a five-year period.[2]  Here, Lead Plaintiffs seek leave to file their second pleading and, unlike the plaintiffs in *Florida Evergreen Foliage*, did so promptly.

As *Hubbard v. BankAtlantic*, Case No. 07-61542, 2009 U.S. Dist. LEXIS 98023 (S.D. Fla. May 12, 2009), demonstrates, leave to amend in complex securities fraud cases permits parties to cure pleading deficiencies in complex cases.  Deficiencies cited by the court in that case were cured, and such similar deficiencies can be cured here.  Justice so requires.

---

[2] As previously noted, should this Court have any concerns about the futility of amendment in this case, the Court should direct Lead Plaintiffs to file a proposed amendment within a reasonable time (Lead Plaintiffs would suggest 75 days), and make a determination of futility based on that proposed amendment.

Dated: April 8, 2010    Respectfully submitted,

**BERMAN DeVALERIO**

By:  s/ Michael J. Pucillo
Michael J. Pucillo (FBN 261033)
mpucillo@bermandevalerio.com
Wendy H. Zoberman (FBN 434670)
wzoberman@bermandevalerio.com
4280 Professional Center Drive
Suite 350
Palm Beach Gardens, FL 33410
Tel: 561/835-9400
Fax: 561/835-0322

and

Glen DeValerio
gdevalerio@bermandevalerio.com
Leslie Stern
lstern@bermandevalerio.com
Jason Leviton
jleviton@bermandevalerio.com
One Liberty Square
Boston, MA 02109
Tel: 617/542-8300
Fax: 617/542-1194

**Lead Counsel**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 8, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served to all counsel on the attached Service List this day via transmission of Notice of Electronic Filing generated by CM/ECF.

    s/Michael J. Pucillo

*In re Bank United Securities Litigation*

Case No. 08-CIV-22572-COOKE/BANDSTRA
United States District Court, Southern District of Florida

**SERVICE LIST**

Michael J. Pucillo
mpucillo@bermandevalerio.com
Wendy H. Zoberman
wzoberman@bermandevalerio.com
BERMAN DeVALERIO
4280 Professional Center Drive, Suite 350
Palm Beach Gardens, FL 33410
Tel:   561/835-9400
Fax:   561/835-0322

*Lead Counsel for Lead Plaintiffs Louisiana Municipal Police Employees Retirement System and Oklahoma Police Pension & Retirement System*

Glen DeValerio
gdevalerio@bermandevalerio.com
Leslie R. Stern
lstern@bermandevalerio.com
Jason M. Leviton
jleviton@bermandevalerio.com
Steven Buttacavoli
sbuttacavoli@bermandevalerio.com
BERMAN DeVALERIO
One Liberty Square
Boston, MA 02109
Tel:   617/542-8300
Fax:   617/542-1194

*Lead Counsel for Lead Plaintiffs Louisiana Municipal Police Employees Retirement System and Oklahoma Police Pension & Retirement System*
*[Via CM/ECF]*

Jack Reise
jreise@csgrr.com
Paul J. Geller
pgeller@csgrr.com
Douglas Scott Wilens
dwilens@csgrr.com
COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel:   561/750-3000
Fax:   561/750-3364

*Attorneys for Plaintiff Waterford Township General Employees Retirement System and Movant The Pension & Annuity Funds*
*[Via CM/ECF]*

Martin D. Chitwood
mchitwood@chitwoodlaw.com
Ze'Eva K. Banks
zbanks@chitwoodlaw.com
Robert W. Killorin
rkillorin@chitwoodlaw.com
James M. Wilson, Jr.
jwilson@chitwoodlaw.com
CHITWOOD HARLEY HARNES LLP
1230 Peachtree Street NE
Promenade II Suite 2300
Atlanta, GA 30309
Tel:   303/873-3900

*Attorneys for Movant Georgia Municipal Employee Benefit System Retirement Fund*
*[Via CM/ECF]*

Ryon M. McCabe
rmccabe@mccaberabin.com
McCABE RABIN, P.A.
1601 Forum Place, Suite 301
West Palm Beach, FL 33401
Tel:    561/659-7878
Fax:   561/242-4848

*Attorneys for Movant The New Jersey Building Laborers Pension and Annuity Funds*
*[Via CM/ECF]*

Jeffrey Miles Ostrow
ostrow@thkolaw.com
THE KOPELOWITZ
  & OSTROW FIRM PA
200 S.W. 1st Avenue
12th Floor
Ft. Lauderdale, FL 33301
Tel:    954/525-4100
Fax:   954/525-4300

*Attorneys for Movant Georgia Municipal Employee Benefit System Retirement Fund*
*[Via CM/ECF]*

Maya Susan Saxena
msaxena@saxenawhite.com
SAXENA WHITE PA
2424 N. Federal Highway
Suite 257
Boca Raton, FL 33431
Tel:    561/394-3399
Fax:   561/394-3382

*Attorneys for Movant The City of Tulsa Municipal Employees Retirement Plan*
*[Via CM/ECF]*

Dennis A. Nowak
dn@tewlaw.com
C. Thomas Tew
tt@tewlaw.com
Jeffrey A. Tew
jt@tewlaw.com
TEW CARDENAS, LLP
Four Seasons Tower
1441 Brickell Avenue, 15th Floor
Miami, FL 33131
Tel:    305/536-1112
Fax:   305/536-1116

*Attorneys for Defendants Ramiro Ortiz and Humberto L. Lopez*
*[Via CM/ECF]*

Kendall Coffey
kcoffey@coffeyburlington.com
Jeffrey B. Crockett
jcrockett@coffeyburlington.com
Kevin C. Kaplan
kkaplan@coffeyburlington.com
David J. Zack
dzack@coffeyburlington.com
COFFEY BURLINGTON
2699 Bayshore Drive, PH
Miami, FL  33133
Tel:    305/858-2900
Fax:   305/858-5261

*Attorneys for Defendant Alfred R. Camner*
*[Via CM/ECF]*